No. 26-6667

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Global Nurse Force, et al.,

Plaintiffs-Appellees,

v.

Donald J. Trump, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
No. 25-cv-08454 (Gilliam, J.)

# OPPOSITION TO MOTION TO EXTEND THE TIME TO FILE APPELLEES' ANSWERING BRIEF

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

THOMAS VASELIOU
Senior Counsel to the Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

ANDREA GARCIA
Law Clerk

JAIME A. SCOTT
Trial Attorney
United States Department of Justice,
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-3620
Email: jaime.a.scott@usdoj.gov

*Attorneys for Defendants-Appellants*

Defendants-Appellants request that this Court deny Plaintiffs-Appellees' Motion to Extend the Time to File Appellees' Answering Brief. Dkt. No. 26. Defendants oppose this request as Plaintiffs-Appellees have neither shown diligence in meeting the currently scheduled deadline, nor substantial need for extending the deadline by 42 days.

9th Cir. R. 31-2.2(b) requires extension requests be "supported by a showing of diligence and substantial need." It further *explicitly* states that "[a] conclusory statement as to the press of business does not constitute a showing of diligence and substantial need." 9th Cir. R. 31-2.2(b). More tellingly, the Ninth Circuit provides Parties with the ability to streamline extension requests by 30 days without agreement or Court approval, except in three circumstances, one of which is for "any brief filed in a Preliminary Injunction Appeal." 9th Cir. R. 31-2.2(a)(3). This Court has thus recognized that extending the briefing of an appeal of a preliminary injunction should not be a given.

Plaintiffs-Appellees, in their Motion, have not shown diligence in meeting the currently scheduled deadline. They have seven attorneys with appearances and have been on notice of this deadline since October 9, 2026. *See* 9th Cir. Rule 3-3(b). Any hypothetical amici also have been

on notice since this time (or perhaps longer given the pending appeals in the D.C. Circuit and the First Circuit). While Defendants-Appellants understand the need for reasonable extensions due to holidays and other obligations, a 42-day extension is untethered to the occurrence of one Federal Holiday a week before the deadline, and professional obligations of "several of Plaintiffs-Appellees' counsel" before the deadline. Defendants-Appellants (of whom the litigation team is halved) also briefed during a month with a Federal Holiday and full of professional obligations, and will brief their currently scheduled reply for the business day after Christmas. If this Court extended deadlines merely because a Federal Holiday and professional obligations will occur during a briefing window, nearly every case would be delayed.

Plaintiffs-Appellees have also not shown substantial need for their extension request. While Defendants-Appellants agree this case is complex, the Parties have extensively briefed this issue in the district court. And in the district court, Plaintiffs-Appellees' are fervently pressing forward in the litigation while ultimately seeking to delay Defendants-Appellants' appeal. They cannot have it both ways. A 42-day delay would severely prejudice Defendants-Appellants by compounding

the ongoing, irreparable harm inflicted by the district court's preliminary injunction—an order that continues to undermine vital Executive authorities, harms the domestic workforce, and threatens national security by exploiting domestic labor markets. Because of this, Defendants-Appellants intend to file a motion to expedite oral argument and consideration as soon as possible.

Thus, Plaintiffs-Appellees ultimately fall far short of establishing the requisite elements of an extension request to this Court, especially in a Preliminary Injunction appeal. This Court should deny Plaintiffs-Appellees' Motion.

November 5, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney
General
Office Of Immigration Litigation

THOMAS S. VASELIOU
Senior Counsel to the Assistant
Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

ANDREA GARCIA
Law Clerk

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
(DC Bar # 90027182)
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2026, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. Service will be accomplished by the ACMS system.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation

*Attorney for Defendants-Appellants*