No. 26-6667

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Global Nurse Force, et al.,

Plaintiffs-Appellees,

v.

Donald J. Trump, et al.,

Defendants-Appellants.

On Appeal from the United States District Court
for the Northern District of California
No. 25-cv-08454 (Gilliam, J.)

# DEFENDANTS-APPELLANTS' MOTION TO EXPEDITE ORAL ARGUMENT PURSUANT TO CIRCUIT RULE 27-12

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General

THOMAS S. VASELIOU
Senior Counsel to the Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

ANDREA GARCIA
Law Clerk

JAIME A. SCOTT
Trial Attorney
United States Department of Justice,
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 305-3620
Email: jaime.a.scott@usdoj.gov

*Attorneys for Defendants-Appellants*

Pursuant to Circuit Rule 27-12, Defendants-Appellants ("Defendants") respectfully move to expedite oral argument of this appeal. On September 30, 2026, the district court granted in part Plaintiffs-Appellees' ("Plaintiffs") motion for preliminary injunction. Dkt. No. 130. The district court preliminarily enjoined Defendants from enforcing or implementing Agency Guidance made pursuant to Proclamation No. 10973 until notice-and-comment rulemaking under the Administrative Procedure Act ("APA") and regulatory flexibility analyses under the Regulatory Flexibility Act ("RFA") is conducted. *Id.* at 34. On October 9, 2026, Defendants appealed, and Defendants filed their opening brief on November 6, 2026. Unless this Court grants Plaintiffs' opposed motion for an extension to file their answering brief, briefing is set to be completed on December 28, 2026. *See* Pls.' Mot. Extend, Dkt. No. 26; Defs.' Opp'n, Dkt. No. 27; Pls.' Reply, Dkt. No. 28.[1]

Defendants request the Court schedule argument before the next available argument panel during the Court's session in March 2027. On November 5, 2026, counsel for Defendants conferred with counsel for

[1] If the Court grants Plaintiffs' extension motion, then briefing would be completed on February 5, 2027. Defendants would still request that the Court schedule oral argument during the Court's session in March 2027.

Plaintiffs, and Plaintiffs' counsel stated that they oppose expediting oral argument.

Good cause supports expediting argument for this appeal. Suits raising "questions of national importance" are precisely the type of case for which expedition may be appropriate. *Hamamoto v. Ige*, 881 F.3d 719, 723 (9th Cir. 2018). That is the case here. The district court's improper preliminary injunction irreparably harms Defendants and prevents Defendants from addressing threats to the national interest and security of the United States. *See* Ninth Circuit Rule 27-12 (including irreparable harm as a situation where "good cause" warrants expedited hearing). Specifically, the preliminary injunction blocks the President from exercising his broad authority to suspend or regulate the entry of aliens whose entry he determined would be detrimental to the Nation's interests. *See* Proclamation 10973, *Restriction on, Entry of Certain Nonimmigrant Worker*s, 90 Fed. Reg. 46,027 (Sep. 24, 2025). The abuse of the H-1B program is a national-security threat because it reduces American wages and "discourage[e] Americans from pursuing careers in science and technology," thereby "risking American leadership in these fields." *Id.* The Proclamation addresses these circumstances that the

President has found are detrimental to the Nation's interests, including "[t]he large-scale replacement of American workers," "suppress[ed] wages," and "a disadvantageous labor market for American citizens"—all of which "has undermined both our economic and national security." *Id.*

It is well-established that the government suffers irreparable harm when it is "enjoined by a court from effectuating statutes enacted by representatives of its people"—as the Proclamation does. *Maryland v. King*, 567 U.S. 1301, 1303 (2012). Every day that the injunction is in place, the American worker continues to suffer harm, and the President loses valuable time to implement his policies. Expediting oral argument of this appeal would ensure that policymaking discretion is returned to the Executive officials accountable to the public.

In addition, expediting this appeal would promote judicial economy and the preservation of party resources. The decision in this appeal could eliminate or clarify issues currently pending before the district court and the two related appeals in *California v. Mullin*, No. 26-01699 (1st Cir. filed June 12, 2026), and *Chamber of Commerce v. DHS*, No. 25-05473 (D.C. Cir. argued Mar. 9, 2026). The district court itself acknowledged that "the United States Supreme Court is likely to eventually provide

further clarity." Dkt. No. 130 at 3. Prompt resolution of this appeal thereby reduces the risk of duplicative litigation and inconsistent rulings. Further, briefing will conclude in late December 2026, allowing this Court appropriate time to prepare for the complex issues in this case while recognizing the urgency of this appeal.

This Court has before expedited an appeal, including oral argument, regarding a district court's preliminary injunction blocking a major administration policy from being implemented. *See, e.g.*, *Stanford Daily Pub. Corp. v. Rubio*, No. 26-6906, Dkt. No. 6.1 (9th Cir. Oct. 22, 2026) (granting motion to expedite appeal of a case involving foreign affairs); *see also Benavides Carballo v. Andrews*, No. 25-6533, Dkt. No. 35 (9th Cir. June 22, 2026) (granting government's motion to expedite); *see also Grajales-Velasquez v. Blanche*, No. 26-1973, Dkt. No. 16 (9th Cir. June 18, 2026) (granting government's motion for an expedited ruling). That course is particularly prudent here because the district court improperly interfered with the President's action taken pursuant to the President's own statutory authority to address threats in the context of foreign affairs and natural security.

For these reasons, Defendants respectfully request that this Court expedite oral argument and consideration of this appeal under Ninth Circuit Rule 27-12. Defendants propose an argument schedule during the Court's session in March 2027, and a decision as soon as practicable thereafter.

***

November 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

THOMAS S. VASELIOU
Senior Counsel to the Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

ANDREA GARCIA
Law Clerk

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
(DC Bar # 90027182)
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 804 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation

*Attorney for*
*Defendants-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2026, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. Service will be accomplished by the ACMS system.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice,
Civil Division
Office of Immigration Litigation

*Attorney for*
*Defendants-Appellants*